# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC CONSTRUCTORS, INC. <br> 1401 Battery Brooke Parkway <br> Richmond, VA 23237 <br><br>     Plaintiff, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY <br> 1400 American Lane, Tower 1, 18th Floor <br> Schaumburg, IL 60196-1056 <br><br> SERVE: Substitute R/A: <br>     DCRA's Superintendent of Corporations <br>     Business and Professional Licensing Administration <br>     Corporations Division <br>     1100 4th Street, SW, 4th Floor <br>     Washington, DC 20024 <br><br> and <br><br> FIDELITY AND DEPOSIT COMPANY OF MARYLAND <br> 1400 American Lane, Tower 1, 18th Floor <br> Schaumburg, IL 60196-1056 <br><br> SERVE: Substitute R/A: <br>     DCRA's Superintendent of Corporations <br>     Business and Professional Licensing Administration <br>     Corporations Division <br>     1100 4th Street, SW, 4th Floor <br>     Washington, DC 20024 <br><br> and <br><br> TRAVELERS CASUALTY AND SURETY <br> COMPANY OF AMERICA <br> One Tower Square <br> Hartford, CT 06183 <br><br> SERVE: Substitute R/A: <br>     DCRA's Superintendent of Corporations <br>     Business and Professional Licensing Administration <br>     Corporations Division | C.A. No. 1:19-cv-1450 |

|  |  |
|---|---|
| 1100 4th Street, SW, 4th Floor<br>Washington, DC 20024<br><br>Defendants. | )<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, ATLANTIC CONSTRUCTORS, INC., hereby brings this Complaint against Defendants, ZURICH AMERICAN INSURANCE COMPANY, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (collectively, "Sureties"), and in support thereof states as follows:

## THE PARTIES

1. Plaintiff, Atlantic Constructors, Inc. ("Atlantic"), is a contractor engaged in business as a mechanical and steel contractor with its principal place of business located at 1401 Battery Brooke Parkway, Richmond, Virginia 23237.

2. Defendant, Zurich American Insurance Company ("Zurich") is, on information and belief, a New York corporation engaged in the business of insurance and bonding and is, upon information and belief, not registered but operating within the District of Columbia.

3. Defendant, Fidelity and Deposit Company of Maryland ("Fidelity") is, upon information and belief, a Maryland corporation engaged in the business of insurance and bonding and is, upon information and belief, not registered but operating within the District of Columbia.

4. Defendant, Travelers Casualty and Surety Company of America ("Travelers") is, upon information and belief, a Connecticut corporation engaged in the business of insurance and bonding and is, upon information and belief, not registered but operating within the District of Columbia.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the amount in controversy, excluding interests and costs, exceeds $75,000.

5. This Court may exercise personal jurisdiction over Zurich pursuant to D.C. Code Annotated § 13-423(a), as Defendant transacted business in the District of Columbia, and the conduct giving rise to the claim described herein occurred in the District of Columbia.

6. This Court may exercise personal jurisdiction over Fidelity pursuant to D.C. Code Annotated § 13-423(a), as Defendant transacted business in the District of Columbia, and the conduct giving rise to the claim described herein occurred in the District of Columbia.

7. This Court may exercise personal jurisdiction over Travelers pursuant to D.C. Code Annotated § 13-423(a), as Defendant transacted business in the District of Columbia, and the conduct giving rise to the claim described herein occurred in the District of Columbia.

8. Venue is proper in this Court because acts giving rise to the cause of action herein occurred in the District of Columbia.

**FACTUAL BACKGROUND**

9. On or about November 4, 2015, the Project Company, Washington Gas Light Company, and Burns & McDonnell Engineering Company, Inc. ("B&M") entered into a contract ("Prime Contract"), under which B&M agreed to construct and/or improve the Capitol Cogeneration Power Plant (Project No. 88828) ("Project").

10. The Project was located at 25 E Street SE, Washington, D.C. 20003 and owned by the United States of America, Architect of the Capitol.

11. Defendants Zurich, Fidelity, and Travelers issued a Payment Bond ("Bond") to B&M, obligating the three Sureties to pay B&M's subcontractors in the event that B&M failed to pay for materials and labor furnished to the Project. A copy is attached as ***Exhibit A***, and incorporated herein by reference.

12. On or about March 19, 2017, B&M, in turn, subcontracted a portion of its work under the Prime Contract to Atlantic (Subcontract No. 118327).

13. The original fixed-price sum of the subcontract was $6,639,113.00 ("Subcontract price").

14. Thereafter Atlantic agreed to perform, and B&M agreed to pay for, certain related change order and/or extra work in the amount of $3,891,649.54. The aforesaid Subcontract No. 118327, change orders and/or extra work are hereinafter referred to as the "Subcontract."

15. In order to prosecute the subcontracted work with respect to the above-referenced Project, Atlantic furnished and/or supplied certain labor and materials necessary to complete, among other things, certain mechanical piping, ductwork, steel construction, equipment setting, and related work at the Project.

16. The work performed by Atlantic pursuant to the Subcontract was necessary in the prosecution of B&M's work under the Prime Contract.

17. Pursuant to the Subcontract, Atlantic actually supplied the mechanical piping, ductwork, steel construction, equipment setting, and related work for use in the construction and/or improvement of the Project, and which were necessary for the completion of the Project, were installed at the Project, and were permanently affixed thereto.

18. Atlantic performed all of its obligations under the Contract in a timely and workmanlike manner.

19. Atlantic has completed, earned, and billed $10,530,762.54. An invoice is attached as *Exhibit B*, and is incorporated herein by reference.

20. Atlantic has received payments totaling approximately $10,130,762.54 but has received no further payments for its work on the Project from B&M, nor from any other person or entity, despite demand. Atlantic recognizes no credits other than the payments received.

21. Atlantic is entitled to be paid in full for the work it performed, which includes the unpaid balance of $400,000.00 that is still due and owing with respect to services that Atlantic provided in connection with the Subcontract and Project.

22. Atlantic has made demand upon B&M for payment of the unpaid balance of $400,000.00, but B&M has failed or refused to make payment.

23. Following B&M's failure or refusal to make payment, Atlantic made a demand upon Sureties for payment of the unpaid balance of $400,000.00, but Sureties have also failed or refused to make payment.

24. Sureties have failed and refused to fulfill their obligations under the Bond despite demand.

25. Atlantic remains unpaid, without legal justification or excuse, in the amount of $400,000.00.

26. At all times mentioned herein, the Bond was in full force and effect.

27. This complaint is filed within the time and in the manner required by the Bond.

28. All conditions precedent to claim under the Bond, if any, have been satisfied. Alternatively, both B&M and Sureties have waived or excused all conditions precedent.

29. As required under the Bond, Atlantic gave a notice of its bond claim to the Sureties, but no payment has been received.

30. All other conditions precedent to bringing the claim brought forth herein have been performed, satisfied, completed, and/or waived.

## COUNT I
## BOND ACTION

31. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 30.

32. This action is brought seeking to enforce the Bond issued by the Sureties for the work on the Project.

33. B&M obtained the Bond from Defendants Zurich, Fidelity, and Travelers, in order to ensure payment to B&M's subcontractors, in the event that it failed to pay for materials and labor furnished to the Project.

34. On or about March 19, 2017, B&M, subcontracted a portion of its work under the Project to Atlantic when B&M and Atlantic entered into Subcontract No. 118327.

35. Atlantic completed all of the work included in the original scope of the Subcontract on May 20, 2018, and performed additional scope work in April 2019.

36. Atlantic has completed, earned, and billed for work in the amount of $10,530,762.54 under the Subcontract, but only received payment for the amount of approximately $10,130,762.54.

37. Atlantic has made demand upon B&M for payment of the unpaid balance of $400,000.00, but B&M has failed or refused to make payment.

38. Following B&M's failure or refusal to make payment, Atlantic made a demand upon Sureties for payment of the unpaid balance of $400,000.00, but Sureties have also failed or refused to make payment.

39.     Sureties have failed and refused to fulfill their obligations under the Bond despite demand.

40.     By reason of the foregoing, Sureties are justly indebted to Atlantic under the Bond in the sum of $400,000.00, plus interest as allowed by law.

WHEREFORE, Plaintiff, Atlantic, respectfully requests judgment against Defendants Zurich, Fidelity, and Travelers, jointly and severally, in the amount of $400,000.00, plus pre-judgment interest and post-judgment interest, reasonable attorney's fees, its costs incurred herein, and such other and further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury for all issues so triable.

Dated:  May 17, 2019                              Respectfully submitted,

                                                **ATLANTIC CONSTRUCTORS, INC.**

                                                /s/ Lauren P. McLaughlin
                                                Lauren P. McLaughlin, Esq.
                                                **Smith, Currie & Hancock LLP**
                                                1950 Old Gallows Road, Suite 750
                                                Tysons Corner, Virginia 22182
                                                Telephone: 703.506.1990
                                                Facsimile: 703.506.1140
                                                lpmclaughlin@smithcurrie.com